IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-50231

D.C. Docket No. 1:16-CV-97

United States Court of Appeals
Fifth Circuit
**FILED**
February 8, 2018
Lyle W. Cayce
Clerk

JON R. DEUTSCH,

    Plaintiff - Appellant

v.

ANNIS ENTERPRISES, INCORPORATED,

    Defendant - Appellee

Appeal from the United States District Court for the
Western District of Texas

Before REAVLEY, SMITH, and OWEN, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on Mar 02, 2018

Attest:  *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

REVISED February 9, 2018

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50231

United States Court of Appeals
Fifth Circuit
**FILED**
February 8, 2018
Lyle W. Cayce
Clerk

JON R. DEUTSCH,

> Plaintiff–Appellant,

versus

ANNIS ENTERPRISES, INCORPORATED,

> Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:

    This is a companion case to *Deutsch v. Travis County Shoe Hospital, Inc.*, No. 16-51431, 2018 U.S. App. LEXIS 2647 (5th Cir. Feb. 2, 2018) (per curiam) (unpublished). Here, as there, Jon Deutsch appeals the dismissal, for want of Article III standing, of his claims under the Americans with Disabilities Act ("ADA"). And here, as there, Deutsch appeals (1) the contempt order of the

Case: 17-50231   Document: 00514369868   Page: 2   Date Filed: 03/02/2018
Case 1:16-cv-00097-LY   Document 51   Filed 03/02/18   Page 3 of 12

No. 17-50231

magistrate judge ("MJ") that fined his counsel $2,500 and (2) the district court's alleged attorney's fee award to Annis Enterprises, Incorporated ("Annis"). For essentially the same reasons as in the companion case, we affirm.

I.

Deutsch is paraplegic and relies on a wheelchair for mobility. He claims to have patronized Color at Dawn, a woman's hair salon located on Annis's property. Deutsch avers that he "experienced difficulty and discomfort" during his visit because Annis's parking lot does not have the number of parking spaces required by the ADA and lacks access ramps, and because the threshold to Color at Dawn exceeds one-half inch. Deutsch sued Annis, seeking injunctive and declaratory relief, statutory damages under Texas law, and attorney's fees from Annis.

This suit is but one of 385 ADA lawsuits that Deutsch filed in 306 days—including all days when the courts are closed. Deutsch's complaint did not indicate whether he would ever visit Color at Dawn again. Instead, the complaint contained statements such as that "Mr. Deutsch will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA."

Annis moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). Because Deutsch's complaint was rather bare as to standing, the MJ convened an evidentiary hearing on that issue. And because six other defendants—including Travis County Shoe Hospital—filed similar motions to dismiss for lack of standing, the MJ ordered a consolidated hearing for all seven cases. The order that set the hearing, common to all cases, conspicuously stated, "IT IS FURTHER ORDERED that Plaintiff Jon R. Deutsch be present at the hearing, and be prepared to provide sworn testimony on the standing

2

Case: 17-50231   Document: 00514369868   Page: 3   Date Filed: 03/02/2018
Case 1:16-cv-00097-LY   Document 51   Filed 03/02/18   Page 4 of 12

No. 17-50231

issues raised in the motions."

Yet Deutsch did not appear. His attorney, Omar Rosales, explained that he had not instructed Deutsch to be present because they had "settled those cases where the standing was raised—three of the cases yesterday. So pursuant to the Court orders, my client is out of town." Rosales also contended that the electronic filing notifications, or PACER entries, mandated Deutsch's presence only for those three cases. The MJ declared a recess and told Rosales that he would set a hearing for Rosales to show cause why he was not in contempt. The defendants who had not settled reiterated that each of them had filed a motion to dismiss for lack of standing.

The MJ issued an order to show cause why Rosales should not be held in contempt for failing to follow the order to have Deutsch present. The order noted that "[b]ecause of Mr. Deutsch's absence, the Court was forced to recess the hearing, to the great inconvenience of counsel for the defendants, and their clients." The MJ also held a "summary contempt hearing," insofar as the MJ reasoned that Rosales had failed to comply with the order "in the presence of the Court." At that hearing, Rosales was given the opportunity to respond. He claimed that he "never missed a court date in five years," and "[i]n haste, [he] didn't read the order . . . . [He] just looked at the Pacer entry." The MJ found Rosales in contempt and gave him the chance to allocute as to punishment. Rosales reiterated that this was his first offense. After considering "all the circumstances," including the number of cases involved, the MJ issued a fine of $2,500.

The evidentiary hearing was then reconvened, with Deutsch present. Each of the four defendants questioned Deutsch. As relevant to Annis's case, Deutsch explained that he visited Color at Dawn to get hair coloring for his wife but made no attempt to get out of his vehicle because it was obvious that

3

Case: 17-50231    Document: 00514369868    Page: 4    Date Filed: 03/02/2018
Case 1:16-cv-00097-LY   Document 51   Filed 03/02/18   Page 5 of 12

No. 17-50231

he would not be able to enter. Deutsch admitted he has not been back to Color at Dawn since that incident. Furthermore, another attorney's questioning revealed that Deutsch works with Rosales on a list of properties to visit—and an examination of that list led the MJ to conclude that Rosales had prepared most of it. Finally, questioning revealed that Deutsch could not identify a single business that he had sued and then returned to after settlement.

The MJ recommended dismissing for lack of standing under Rule 12(b)(1). He reasoned that "Deutsch has failed to demonstrate that he has suffered an 'actual or imminent injury' that is not merely 'conjectural or hypothetical,' or that he has 'concrete plans' to patronize the businesses in the future. He therefore lacks standing . . . ." The district court adopted the MJ's report and recommendations and overruled Rosales's objection to the order of contempt. Deutsch appealed.

## II.

Regarding standing, "[w]e review a district court's dismissal for lack of subject matter jurisdiction *de novo*."[1] If the district court resolved any disputed facts, then the appellate court reviews those determinations for clear error. *Williamson*, 645 F.2d at 413. For the same reasons articulated in *Travis County Shoe Hospital*, Deutsch has not established Article III standing because he has not shown that any alleged ADA violation by Annis threatens

---

[1] *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *Stiles v. GTE Sw., Inc.*, 128 F.3d 904, 906 (5th Cir. 1997)). Deutsch wrongly asserts that the MJ was barred from holding an evidentiary hearing and was limited to the complaint. But because Annis raised a Rule 12(b)(1) motion, the district court is permitted to dismiss based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman*, 556 F.3d at 334 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981)). Accordingly, the district court "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413.

Case: 17-50231      Document: 00514369868      Page: 5      Date Filed: 03/02/2018
Case 1:16-cv-00097-LY   Document 51   Filed 03/02/18   Page 6 of 12

No. 17-50231

him with future injury.

Federal courts have subject matter jurisdiction only over a "case" or "controversy." *See* U.S. CONST. ART. III, § 2, cl. 1. To establish a "case or controversy," a plaintiff must show that he has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Accordingly, Deutsch must establish that (1) he has suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) there is a "causal connection between the injury and the conduct complained of," and (3) it is "likely . . . that the injury will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Furthermore, if the plaintiff seeks equitable relief, he must also show that "there is a real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Merely having suffered an injury in the past is not enough; the plaintiff must show a "real or immediate threat that the plaintiff will be wronged again." *Id.* at 111. Because Deutsch sues under the ADA, he is limited to seeking "injunctive relief, and a restraining or other similar order." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). Accordingly, he must meet the standing requirements for equitable relief.

We applied the future-injury requirement to the ADA in *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc).[2] There, we held that plaintiffs need not actually use an ADA-noncompliant sidewalk to have standing—instead, they must show only that "an inaccessible sidewalk

---

[2] As the *Travis Cty. Shoe Hosp.* panel noted, *Frame* was not decided under Title III of the ADA. For the purposes of this opinion, we assume the analysis is the same.

5

Case: 17-50231 Document: 00514369868 Page: 6 Date Filed: 03/02/2018
Case 1:16-cv-00097-LY Document 51 Filed 03/02/18 Page 7 of 12

No. 17-50231

actually affects [their] activities in some concrete way." *Id.* If the plaintiffs could show that the ADA violation actually would affect them in a concrete way, they would have shown an "actual or imminent injury." *Id.* at 235. Thus, the plaintiffs had established standing because they had "alleged in detail how specific inaccessible sidewalks negatively affect their day-to-day lives by forcing them to take longer and more dangerous routes to their destinations." *Id.* at 236.

Deutsch insists that, under *Frame*, he has satisfied the future-injury standing requirement to seek equitable relief. Far from it. Much unlike the *Frame* plaintiffs, Deutsch has not shown how the supposed ADA violations at Color at Dawn will "negatively affect [his] day-to-day li[fe]." *Id.* All the record shows is that he visited there once. As the district court found, there is no evidence that Deutsch has any intent to return—nor is there any reason to believe that Deutsch is affected by Annis's alleged ADA violation in any way, let alone "some concrete way." *See id.* Instead, Deutsch has filed nearly 400 lawsuits in just over 300 days and could not remember a single establishment that he sued and then returned to. Thus, he has not shown any likelihood of future injury necessary to obtain equitable relief.

### III.

Deutsch contends that the district court wrongly overruled his objection to the MJ's contempt order. Unlike in *Travis County Shoe Hospital*, the district court expressly considered Deutsch's objections to the contempt order and overruled them. Thus, we have jurisdiction to hear Deutsch's appeal.[3]

---

[3] "The prevailing view is that a magistrate lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification thereof) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Here, the MJ expressly ordered contempt based on § 636(e). Therefore, "we are without jurisdiction unless and until the district court acts and a proper notice of appeal is filed from whatever action the district court might take." *Id.* As

Case: 17-50231      Document: 00514369868     Page: 7     Date Filed: 03/02/2018
Case 1:16-cv-00097-LY   Document 51   Filed 03/02/18   Page 8 of 12

No. 17-50231

We review the imposition of sanctions for abuse of discretion. *See Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998).[4] "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[5]

Deutsch gives three reasons why the contempt order was erroneous: (1) Rosales lacked bad faith; (2) Rosales was not given due process; and (3) the fine was not the least restrictive possible. Each contention is without merit.

First, assuming that bad faith is required for an obstruction-of-justice sanction under § 636(e)(2),[6] the district court did not abuse its discretion. Rosales's excuse for not complying with the MJ's order was that he looked only at the Pacer entries, rather than the order itself (which plainly required Deutsch to be present for all seven cases). It is wholly reasonable not to credit

---

stated, the district court explicitly considered and rejected Deutsch's objection to the contempt order. Deutsch now raises that same objection on appeal. Although the more proper procedure would have been an appeal by Deutsch to the district court in lieu of filing objections, we assume that the district court's action is sufficient for our review. *Cf. Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984) (per curiam). And we assume that the district court's review and overruling of Deutsch's detailed objection is sufficient to satisfy any Article III concerns with the contempt authority of MJs. *See Castaneda*, 166 F.3d at 801 & n.4 (collecting cases).

[4] *See also In re Contempt Order*, 441 F.3d 1266, 1267–68 (10th Cir. 2006) (noting that where an MJ issues summary criminal contempt sanctions under § 636 and in accordance with Federal Rule of Criminal Procedure 42, the analysis is the same as for a sanction issued by a district court under its inherent Article III powers).

[5] *In re First City Bancorp. of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (per curiam) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

[6] We base this assumption on two reasons. First, other "obstruction of justice" contexts require something akin to bad faith. *See, e.g.*, *United States v. Iverson*, 874 F.3d 855, 858 (5th Cir. 2017) (noting that willful obstruction is required for an obstruction-of-justice sentence enhancement); *United States v. Fisch*, 851 F.3d 402, 407 (5th Cir.), *cert. denied*, 138 S. Ct. 378 (2017) (requiring acting corruptly with the specific intent to hinder judicial proceedings for a criminal statute regarding obstruction of justice). Second, as stated above, we assume that MJ-issued contempts under § 636(e)(2) should be treated the same as district court contempts under their inherent Article III powers. *Cf. In re Contempt Order*, 441 F.3d at 1267–68. And criminal contempt normally requires bad faith. *See, e.g.*, *Crowe*, 151 F.3d at 236.

that excuse. We have found "entirely appropriate the court's expectation of a heightened standard of conduct by a litigant who is also an attorney."[7] Accordingly, the bad-faith finding may be "predicated on a single point: [Rosales] knew better."[8]

The order was plain and manifestly unambiguous: Deutsch was to be present for the hearing on seven cases, each of which involved standing issues. Rosales must have known that standing was still at issue, given that the remaining defendants—including Annis—had filed motions to dismiss for lack of standing. Any lawyer would have been aware of the motions filed in those cases and would know to look at the actual order. *See Carroll*, 110 F.3d at 294. Accordingly, it is at least reasonable to conclude that Rosales acted in bad faith; thus, the district court did not abuse its discretion in finding that Rosales obstructed justice.

Second, Rosales received all the process to which he was due. The requirements of due process "balance the competing concerns of necessity and potential arbitrariness by allowing a relatively unencumbered contempt power when its exercise is most essential, and requiring progressively greater procedural protections when other considerations come into play." *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832 (1994). Thus, summary adjudication is permitted for "petty, direct contempts in the presence of the court." *Id.* Similarly, other direct contempts may be resolved only by "notice and a hearing." *Id.* at 832–33.

Rosales's failure to bring Deutsch to court took place in the presence of

---

[7] *Carroll v. Jaques Adm. Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir. 1990)).

[8] *Id.*; *see also United States v. Onu*, 730 F.2d 253, 255–58 (5th Cir. 1984) (upholding contempt where the lawyer had no good excuse for missing a pretrial conference because he was attending a legislative session and had not been fully paid by the client).

Case: 17-50231 Document: 00514369868 Page: 9 Date Filed: 03/02/2018
Case 1:16-cv-00097-LY Document 51 Filed 03/02/18 Page 10 of 12

No. 17-50231

the judge. Accordingly, Rosales was at most entitled to notice and a hearing. *See Carroll*, 110 F.3d at 293.[9] That he received. When he told the MJ that he had not brought Deutsch to the first hearing—or even instructed Deutsch to be present—the MJ warned Rosales that he would set a show cause hearing. The MJ then issued a written order to show cause, describing the conduct under review. There was a hearing at which Rosales was given the chance to explain himself and allocute about the sanction itself. And Rosales filed a written objection with the district court, which denied his objection. Accordingly, Rosales received due process.

Finally, Rosales is correct that courts are generally required to impose the "least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997). But in *Carroll*, 110 F.3d at 294, we upheld a $7,000 sanction where the attorney was "challenging and insulting plaintiff's counsel, refusing to answer questions, [and] cursing" during his deposition. We reasoned that the attorney's actions "necessitated additional court hearings and written interrogatories and thus burdened the court as well as his opponent"; moreover, as an attorney, the defendant was "presumed to have understood the impact of his contumacious approach." *Id.*

The same is true here. Although this was Rosales's first offense, he is presumed to have understood that his actions would delay the proceedings at a burden to his many opponents and the court. The sanction, as less than that in *Carroll*, reflects that Rosales's conduct was less severe than that in *Carroll*. Accordingly, district court did not abuse its discretion in the amount of the sanction.

---

[9] *See also Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 527, 530 (5th Cir. 1992) (imposing such requirements for a Rule 11 violation of signing misleading pleadings); *Onu*, 730 F.2d at 257 (permitting a notice and a hearing to suffice for a lawyer's failure to appear).

No. 17-50231

## IV.

Deutsch finally insists that the district court wrongfully awarded attorney's fees. The district court did no such thing. It awarded Annis—and Travis County Shoe Hospital—only their costs of court.

AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 02, 2018

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 17-50231    Jon Deutsch v. Annis Enterprises, Inc.
                          USDC No. 1:16-CV-97

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Nancy F. Dolly, Deputy Clerk
                              504-310-7683

cc:  Mr. Jeffrey S. Kelly
     Mr. Keith Steven McMahon
     Mr. Omar Weaver Rosales