# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH | § | |
| | § | |
| VS. | § | A-16-CV-97 LY |
| | § | |
| ANNIS ENTERPRISES, INC. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the Defendant's Motion to Compel Attorney Fees (Dkt. No. 45); and Plaintiff's Response (Dkt. No. 49). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

This suit is one of nearly 400 that the Plaintiff, Jon R. Deutsch, brought against small businesses in Austin, Texas under Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines, the Texas Accessibility Standards, promulgated under the Texas Architectural Barriers Act Case, TEX. GOV'T. CODE §469, and Chapter 121 of the Texas Human Resources Code, TEX. HUM. RES. CODE §121.001 *et seq*.

The Defendant in this case, Annis Enterprises, Inc., is the landlord for Color at Dawn, a women's hair salon. In this case, Deutsch alleged that in "September of 2015" he patronized Color at Dawn, and "experienced difficulty and discomfort," "encountering and dealing with the lack of an accessible facility." *Id.* He stated that

> The Defendant's Austin location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have at least <u>one</u> ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle). This space must be located close to the entrance of the business. Additionally, the business has a threshold that exceeds ½" in violation of the ADA.

*Id*. Deutsch sought an injunction compelling Annis Enterprises, Inc., to re-stripe the parking lot in order to add the required numbers of accessible parking spaces and modify the building by installing less than ½" thresholds at the entrance. Deutsch also sought a declaratory judgment that Annis Enterprises, Inc., is not in compliance with the ADA. Deutsch also sought statutory damages of at least $300 per violation of TEX. HUM. RES. CODE §121, his costs and attorney's fees.

Annis filed a motion to dismiss in which it argued that Deutsch lacked standing to bring his claim because Deutsch did not patronize the ladies' hair salon and was unlikely to return or visit the salon. (Dkt. No. 10 at 6-7). On September 21, 2016, this Court submitted a Report and Recommendation to the District Court finding that Deutsch did not have standing to bring his claim. On March 8, 2017, the District Court adopted the Report and Recommendation and dismissed Deutsch's claims without prejudice. (Dkt. Nos. 39 & 40). On March 22, 2017, Annis moved for an award of attorney's fees. (Dkt. No. 41). On that same date, Deutsch filed an appeal of the Court's final judgment. (Dkt. No. 42). On March 24, 2017, the District Court dismissed the motion for fees without prejudice as prematurely filed in light of Deutsch's appeal. (Dkt. No. 43). On February 2, 2018 the Fifth Circuit affirmed the District Court's judgment in the case. (Dkt. No. 51). Annis Enterprises, Inc., now moves again for an award of attorneys' fees based upon the Court's "inherent power."[1]

---

[1] There are various bases for an award of attorneys' fees to a defendant. The Americans with Disabilities Act contains a fee shifting provision. 42 U.S.C. § 12205. A fee request by a prevailing defendant under the ADA is governed by the same legal standard applicable to other civil rights cases. *See No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). A defendant may recover fees only if

## II. LEGAL STANDARD

The general rule in the United States is that, "in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). The court has the inherent power to deviate from the "American Rule" to award attorneys' fees for, among other things, parties acting in " 'bad faith, vexatiously, wantonly, or for oppressive reasons.' " *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing court's inherent power to assess attorneys' fees when party acted in bad faith). "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). "'Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. The threshold for the use of the inherent power [to impose] sanction[s] is high.'" *Id.*

## III. ANALYSIS

Annis argues that Deutsch and his attorney acted in bad faith both when they brought this suit, and throughout the course of its litigation. It seeks attorneys' fees as a punitive sanction. Annis requests the Court to order Deutsch and his counsel, Omar Rosales, jointly and severally, to pay $38,893.50 in attorneys' fees and expenses. Though available as a remedy in extreme cases, a court's inherent power to impose attorneys' fees as a sanction "must be exercised with restraint and discretion." *Chambers*, 501 U.S. Id. at 45. "A court should invoke its inherent power to award attorney[s'] fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.' " *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997 (5th Cir. 1995). Here,

---

the plaintiff's claims were "frivolous, unreasonable, or groundless." *Id.* Annis does not move for fees under this statutory provision, but under the Court's "inherent powers."

the Court finds that Plaintiff's conduct does not rise to the level of abuse or bad faith warranting the use of the Court's inherent power to sanction. *Id.* Accordingly, Defendant's request for attorneys' fees pursuant to the Court's inherent authority should be denied. Further, to the extent that Deutsch and his counsel's actions warranted punishment for deterrence purposes, Judge Lane's order of sanctions in six of the other cases Deutsch and Rosales brought is more than sufficient to accomplish that goal. *See Jon R. Deutsch v. Roy Henry, et al.*, 1:15-cv-490 LY (W.D. Tex. December 7, 2016).

Additionally, a court should ordinarily only rely on its inherent power when "neither the statute nor the Rules are up to the task." *Chambers*, 501 U.S. at 50. The ADA's fee-shifting provision directly addresses the award of attorneys' fees in frivolous suits. For this reason as well, the Court declines to impose sanctions under its inherent power.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Compel Attorney Fees (Dkt. No. 45). It is **FURTHER ORDERED** that this cause of action be **REMOVED** from the docket of the undersigned and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed

findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE